Clarence D. WILSON, D.D.S., Plaintiff in Error,

v.

STATE of Oklahoma ex rel. BOARD OF GOVERNORS OF REGISTERED DENTISTS of Oklahoma, Defendant in Error.

No. 38157.

Supreme Court of Oklahoma.

March 31, 1959.

Herbert K. Hyde, O. P. Estes, Oklahoma City, for plaintiff in error.

Tom Harley, Oklahoma City, Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Dr. Clarence D. Wilson, a practicing dentist for more than fifty years, with offices located at 110½ West Main in Okla-

homa City, Oklahoma, is duly licensed to practice his profession in the State of Oklahoma, as indicated by the record. His ability as a dentist, as well as his professional reputation, has been unquestioned.

On or about the 22nd day of June, 1957, one Robert H. Binkley, a registered dentist of Oklahoma City, went to the place of business of M. B. Clapp, d/b/a Oklahoma Dental Laboratory, manufacturer of dental plates, located at 110½ West Main, Oklahoma City, to investigate the manner of doing business. Dr. Binkley inquired of Mr. Clapp as to the feasibility of his refitting Binkley's denture. He did not advise Mr. Clapp of his true identity, using the assumed name of Jim Maxey. Mr. Clapp advised him that his denture was not worth fixing and should be replaced. After some discussion Binkley, as Maxey, agreed that it should be replaced. Mr. Clapp then took him to the office of the petitioner, Dr. Clarence D. Wilson, defendant below, which was on the same floor in the front of the same building as the office of Mr. Clapp. Dr. Wilson took the impression for the denture. Dr. Wilson advised him that the charge for the denture was $42.50, and that he always required a deposit. Binkley gave him a $5 deposit thereon. Dr. Wilson advised as to the time Binkley should return to his office for the fitting. Dr. Wilson sent his office card in regard thereto to the Clapp office and ordered the denture from him. Dr. Wilson testified that he heard no further from Binkley, known to him as Maxey, but the next time he heard about the matter was when his office card as to the Maxey denture, together with $37.50 was brought to his office by the girl from the Clapp office. Binkley, however, testified that he returned to the office of Dr. Wilson and that he told him to go to the Clapp office for his denture.

With this last mentioned exception there is no conflict in the evidence. Except by inference only the evidence of Binkley does not contradict the testimony of Dr. Wilson that he had no connection with Mr. Clapp; that he merely used him to make dentures; that he paid Mr. Clapp the sum of $16.50

for each upper plate made; that Clapp, or no one in his office had authority to collect money for him; that he authorized no one to execute the receipt given to Binkley (Maxey) and introduced in evidence a receipt showing payment of $42.50, and "denture paid in full" and signed Dr. C. D. Wilson and M. B. Clapp; that he used Clapp to make dentures by reason of the convenience of his location; that he had known Clapp since he was a child; that by reason of Clapp's health and resultant inability to get out the work, he was now using other laboratories to make his dentures.

Thereafter, Dr. Binkley filed with the Board of Governors of the Registered Dentists of Oklahoma two complaints against Dr. Wilson.

Predicated upon the aforementioned evidence, introduced at the hearing, the Board of Governors entered its order "that the license of the defendant herein, Clarence D. Wilson, D. D. S., to practice dentistry in the State of Oklahoma, be, and the same is hereby revoked."

An appeal to this Court as provided in 59 O.S.1951 § 279 has been duly perfected.

It is contended in effect that the charges of the violation of 59 O.S.Supp.1957 § 278(e) and (o), and 59 O.S.1951 § 326, must be proven beyond a reasonable doubt; that the defendant must be presumed innocent until proven guilty, and the burden of proof thereof is upon the complainant; and that the evidence is wholly insufficient to prove defendant's guilt beyond a reasonable doubt.

In entering its order revoking the license of the defendant, the Board of Governors made only the general finding that it should be revoked.

■ This court is committed to the rule that the order of the Board of Governors of Registered Dentists revoking license to practice dentistry must be supported by substantial evidence. Smith v. State, Okl., 330 P.2d 366.

■ Count 1 of complaint No. 228 was that the defendant permitted M. B. Clapp

to practice dentistry under his direction. The only evidence in regard thereto is that upon complainant's return for the denture defendant told him to go back to the laboratory for it where Clapp fitted it in his mouth; and that he paid the balance of the money therefor $37.50 and received a receipt for $42.50 which was signed Dr. C. D. Wilson and M. B. Clapp. The defendant specifically denied that complainant returned to his office. He further denied that anyone in the Clapp office had authority to collect money for him or sign a receipt. Although by the permitting of circumstances to exist from which one, such as the complainant, might gain the impression of a connection between him and Clapp, the defendant may be guilty of an impropriety, yet it is not of sufficient probative force to constitute substantial evidence that Clapp furnished Binkley (Maxey) the denture under defendant's (the petitioner here) direction. Considered in the light of the testimony that the defendant was a dentist of proven standing and with a good reputation, such testimony falls short of a factual foundation for the imposition of the penalty calling for the revocation of his license.

■ Count 11 of complaint No. 228 is that defendant used in his practice the services and appliances of M. B. Clapp who has violated the dental act and has been enjoined from practicing dentistry in violation of 59 O.S.1951 § 326.

■ There was no proof in this record that Clapp advertised in any manner to the general public that he could or would sell, supply, furnish, construct, reproduce or repair dentures. The only evidence is that Clapp made the denture after the impression was made by the defendant, a registered dentist. There is no direct evidence that defendant knew that Clapp fitted the denture in the mouth of the complainant. Using the services of one enjoined from the practice of dentistry is not in itself a violation of said 59 O.S.1951 § 326. Again we are constrained to the view that the testimony in this regard falls short of a factual foundation for the imposition of the penalty calling for the revocation of defendant's license.

■ Complaint No. 229 is that defendant split or divided a fee received from dental services without the knowledge of the patient, with M. B. Clapp, in violation of 59 O.S.Supp.1957 § 278(o). The only evidence in this regard is the receipt of $42.50 given by someone in the Clapp office who signed it Dr. C. D. Wilson and M. B. Clapp. In this connection it is admitted that defendant received a $5 deposit. The defendant testified that no one in the Clapp office had authority to collect money for him or issue a receipt; that he paid to Clapp, for making the denture for complainant, the usual fee of $16.50; that this is the amount he paid for any similar denture made for him by Clapp. The record further shows that a great many dentists use the various laboratories to make dentures; that out of the fee received by them from the patient, a fixed portion is paid therefor to the laboratory. Binkley (Maxey) testified that he charged the patient $100 for a denture such as the one in question, out of which he paid the laboratory making it the sum of $30. Again the most that can be said is that by reason of the close proximity of the Clapp laboratory and the office of the defendant, he should have exercised greater care to see that an impression that they were working together would not be gained by any patient. We are forced to the conclusion, however, that the evidence falls short of a factual foundation for the imposition of the penalty calling for the revocation of defendant's license.

From this record we are of the opinion that the Board of Governors should have called defendant's attention to the foregoing matters and reproved him by suggesting that he more closely watch his manner of practice so that the impression cannot be gained that he is working with Clapp in violation of the dental act.

Reversed with directions to the Board of Governors of the Registered Dentists of

Oklahoma to call defendant's attention to the impropriety of his actions and dismiss both complaints filed against him.

DAVISON, C. J., and HALLEY, JOHN-SON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., concurs in result.

WELCH and BERRY, JJ., dissent.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.